UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LATASHA JOHNSON, et al, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No. 4:14CV286 SNLJ |
| | ) | 4:14CV1311 SNLJ |
| CITY OF HAZELWOOD, et al., | ) | CONSOLIDATED |
| | ) | |
| Defendants. | ) | |
| and | ) | |
| | ) | |
| HENRIETTA JOHNSON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| CITY OF HAZELWOOD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on defendants' motions to dismiss and plaintiffs' motion for summary judgment. The motions have been fully briefed and are ripe for disposition.

I.  **Background**

Two sets of plaintiffs filed claims in two separate actions arising from the death of Antonio L. Johnson ("decedent") and the circumstances of an arrest that preceded his death. The first action was filed in state court by the decedent's parents, Henrietta Johnson and Michael Robinson, and Yvonne Booker, as the Next Friend of C.B., decedent's child. The complaint alleged a number of state law claims including a claim

for wrongful death. The second action was filed in this Court by the decedent's wife, Latasha Johnson, individually and as the Next Friend of ADJ, ATJ, TJJ, and TFW, decedent's children. The complaint alleged a number of federal and state law claims including a claim for wrongful death. Subsequently, Latasha Johnson, individually and as the Next Friend of ADJ, ATJ, TJJ, and TFW, moved to intervene in the state court action because only one action for wrongful death may be brought under Missouri law. The motion to intervene was granted by the state court. Thereafter, Latasha Johnson, individually and as the Next Friend of ADJ, ATJ, TJJ, and TFW, filed an intervening petition alleging their federal and state law claims.

Because the intervening petition included federal law claims, the state court action was removed to this Court. This Court consolidated the cases. At the time of consolidation, there were pending motions in both cases. For clarity, Henrietta Johnson, Michael Robinson, and Yvonne Booker, as the Next Friend of C.B., will be referred to as the "original state court plaintiffs" and their action will be referred to as case 1311 to identify the motions filed in that action prior to consolidation. Latasha Johnson, individually and as the Next Friend of ADJ, ATJ, TJJ, and TFW, will be referred to as the "original federal court plaintiffs" and their action will be referred to as case 286 to identify the motions filed in that action prior to consolidation.

## II.    Legal Standard – Motion to Dismiss

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and deigned to fail, thereby sparing litigants the burden of

unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (citing *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)). "To survive a motion to dismiss, a claim must be facially plausible, meaning that the 'factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Cole v. Homier Dist. Co., Inc.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court must "accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Id.* (quoting *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005)). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster. *Iqbal*, 556 U.S. at 678.

### III. Case 286

In case 286, defendants seek dismissal of (1) the claims against Officers Mars, Kenner, and Corson because they are sued in their official capacities and the claims are redundant as there is a claim against the City of Hazelwood; (2) the state law claims for negligent hiring and negligent supervision because plaintiffs have not pled an exception to sovereign immunity under Missouri law; (3) the assault and battery claim because it does not survive the death of the decedent under Missouri law; (4) the federal and state law claims based on the death of the decedent, including the section 1983 and wrongful death claims, because plaintiffs lack standing as there is another pending action for the wrongful death of decedent; and (5) the claims against the Hazelwood Police Department as it does not exist as a separate legal entity and the claims are duplicative of those against the City of Hazelwood.

Plaintiffs concede that the separate claim for assault and battery should be stricken and dismissed from count III because any such claim is part of the wrongful death claim, also stated in count III.  Additionally, plaintiffs concede the dismissal of the Hazelwood Police Department because it does not exist as a legal entity separate from the City of Hazelwood.

Plaintiffs agree that under Missouri law, section 537.080 RSMo, "[o]nly one action may be brought . . . against any one defendant for the death of any one person." However, plaintiffs argue that dismissal of their claim because there is another wrongful death claim filed by different plaintiffs is not warranted.  Plaintiffs were allowed to intervene in the other wrongful death claim while it was still pending in state court and once both cases were pending in this Court, the cases were consolidated.  As a result, defendants' motion to dismiss the wrongful death claim is denied.  Further, as the cases have been consolidated, the motion to dismiss the section 1983 claim will also be denied.

Defendants argue that the complaint purports to allege claims against Officers Mars, Kenner, and Corson only in their official capacities and, therefore, the claims should be dismissed as redundant because there is a claim against the City of Hazelwood. "A suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.,* 172 F.3d 531, 535 (8th Cir. 1999); *see also Artis v. Francis Howell North Band Booster Ass'n, Inc.*, 161 F.3d 1178, 1182, 1185 (8th Cir. 1998) (finding district court correctly dismissed claim, against school official sued only in his official capacity, as redundant to claim against official's public employer, a school district).  It is proper for a court to dismiss as redundant claims

4

asserted against an official that are also asserted against the official's governmental employer. *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010).

"If the complaint does not specifically name the defendant in his individual capacity, it is presumed he is sued only in his official capacity." *Artis*, 161 F.3d at 1182. Here, however, the complaint names the defendants in their individual capacities. The first paragraph of the complaint alleges that the action has been brought against Officers Mars, Kenner, and Corson in their individual capacities. It again refers to the "individual" police officers in paragraph six of the complaint. The heading of count II of the complaint indicates that it is brought against the "individual" defendants and alleges a § 1983 claim against Officers Mars, Kenner, and Corson. The complaint incorporates the general allegations set forth in paragraphs one through fifty in Count II as though fully set forth. It is clear to the Court that the complaint stated a claim against Officers Mars, Kenner, and Corson in their individual capacities. As a result, defendants' motion to dismiss the claims against Officers Mars, Kenner, and Corson is denied.

Finally, defendants seek dismissal of the state law claims for negligent hiring and negligent supervision arguing that plaintiffs have not pled an exception to sovereign immunity under Missouri law. In response, plaintiffs contend that they are permitted to bring their claims because the City of Hazelwood waived sovereign immunity for tort claims when it purchased liability insurance. Plaintiff relies on section 537.610 RSMo, which provides for the waiver of sovereign immunity by operation of law upon the purchase of insurance covering tort claims by a municipality. *Topps v. City of Country Club Hills,* 272 S.W.3d 409, 414-15 (Mo. App. E.D. 2008). However, the extent of that

waiver is expressly dictated, and limited, by the terms of the insurance policy. *Id.* "A public entity does not waive its sovereign immunity by maintaining an insurance policy where that policy includes a provision stating that the policy is not meant to constitute a waiver of sovereign immunity." *White v. City of Ladue*, 422 S.W.3d 439, 449 (Mo. App. E.D. 2013) (citation omitted). "The liability of a public entity for torts is the exception to the general rule of immunity for tort and it is incumbent upon a plaintiff who seeks to state a claim for relief to specifically allege facts establishing that an exception applies." *Hankins v. City of Hazelwood*, 4:13CV1691 SNLJ, 2014 WL 996789, at *1 (E.D. Mo. March 13, 2014) (citing *Boever v. Special Sch. Dist. of St. Louis Cnty.*, 296 S.W.3d 487, 491 (Mo. App. E.D. 2009)).

Here, plaintiffs have not pled the existence of insurance that covers their claims so as to plead an exception to sovereign immunity under section 537.610 RSMo. Instead, plaintiffs raise this issue in their response to the motion to dismiss. Because plaintiffs bear the burden of pleading an exception to sovereign and have not done so, the state law tort claims of negligent hiring and negligent supervision against the City of Hazelwood will be dismissed.

**IV. Case 1311**

In case 1311, defendants seek dismissal as to (1) the claims against the City of Hazelwood and Mayor Matthew Robinson, former City Manager Edwin Calstrom, and former Chief of Police Carl Wolf, sued in their official capacities, because plaintiffs have not pled an exception to sovereign immunity under Missouri law; (2) the claims against Sgt. Mars, Officer Kenner, Officer Corson, and Lt. Brady, sued in their individual

capacities, because plaintiffs have not pled an exception to official immunity under Missouri law; and (3) the claims stated under the Missouri Constitution for excessive force and denial of medical attention because the State of Missouri has not enacted legislation authorizing suits for constitutional violations.

In response, plaintiffs contend that they alleged an exception to sovereign immunity in that the City of Hazelwood currently has an insurance policy that covers personal injuries inflicted by its employees. Plaintiffs, however, do not point to any specific allegations in the second amended complaint in support of their position. In fact, plaintiffs' second amended complaint does not allege any facts as to the existence of insurance that covers their claims so as to plead an exception to sovereign immunity under section 537.610 RSMo. Instead, plaintiffs raise this issue in their response to the motion to dismiss. "The liability of a public entity for torts is the exception to the general rule of immunity for tort and it is incumbent upon a plaintiff who seeks to state a claim for relief to specifically allege facts establishing that an exception applies." *Hankins v. City of Hazelwood*, 4:13CV1691 SNLJ, 2014 WL 996789, at *1 (E.D. Mo. March 13, 2014) (citation omitted). Because plaintiffs bear the burden of pleading an exception to sovereign and have not done so, the claims against the City of Hazelwood and individual defendants Mayor Matthew Robinson, former City Manager Edwin Calstrom, and former Chief of Police Carl Wolf, sued in their official capacities, will be dismissed.

Defendants seek dismissal of the claims against Sgt. Mars, Officer Kenner, Officer Corson, and Lt. Brady, sued in their individual capacities, because plaintiffs have not pled an exception to official immunity under Missouri law. In response, plaintiffs

contend that their second amended complaint alleges facts that defendants' actions and inactions violated clearly established law, policy, procedure and regulations. Plaintiffs then proceed to set forth purported policies and procedures of the Hazelwood Police Department that they allege were violated. Plaintiffs, however, raise such policies and procedures for the first time in response to the motion to dismiss. In their second amended complaint, plaintiffs pled the following vague and conclusory allegation in support of their wrongful death claim, which is then incorporated by reference into all other claims:

> That the defendants failed to follow the policies and procedures adopted by the Hazelwood Police Department and its employees including, but not limited to, the Hazelwood Police Department Manual, Policies, Rules and Complaint Procedure.

The judicially-created doctrine of official immunity "protects public employees from liability for alleged acts of negligence committed during the course of their official duties for the performance of discretionary acts." *Southers v. City of Farmington,* 263 S.W.3d 603, 610 (Mo. banc 2008). "Official immunity is intended to provide protection for individual government actors who, despite limited resources and imperfect information, must exercise judgment in the performance of their duties." *Id.* at 611. "Its goal is also to permit public employees to make judgments affecting public safety and welfare without concerns about possible personal liability." *Id.*

"The official immunity doctrine, however, does not provide public employees immunity for torts committed when acting in a ministerial capacity." *Id.* "A ministerial function, in contrast, is one of a clerical nature which a public officer is required to perform upon a given state of facts, in a prescribed manner, in obedience to the mandate

8

of legal authority, without regard to his own judgment or opinion concerning the propriety of the act to be performed." *Id.* (internal quotation marks and citation omitted). "This reference to the mandate of legal authority is a reference to a duty imposed by statute or regulation." *Boever v. Special School Dist. of St. Louis County*, 296 S.W.3d 487, 492 (Mo.App. E.D. 2009).

"To be liable for official acts, a public official or employee must breach a ministerial duty imposed by statute or regulation." *Id.* (citations omitted). "In addition, in order to prescribe a ministerial duty, the statute or regulation must be mandatory and not merely directory." *Id.* (citation omitted). "Further, the statute or regulation must mandate a ministerial, not a discretionary, action." *Id.* (citations omitted). "Absent allegations averring the existence of a statutory or departmentally-mandated duty and a breach of that duty, a petition fails 'to state a claim that is not barred by the doctrine of official immunity as a matter of law.'" *Id.* (quoting *State ex rel. Twiehaus v. Adolf,* 706 S.W.2d 443, 446 (Mo. banc 1986)).

In this case, plaintiffs did not allege the existence or breach of any statutory or regulatory duty. Instead, plaintiffs alleged, only generally, that the defendants failed to follow the policies and procedures adopted by the Hazelwood Police Department. As a result, plaintiffs have not alleged facts establishing that an exception to the official immunity doctrine applies. Because plaintiffs failed to allege a breach of a statutory or regulatory duty, they have not stated a claim for breach of a ministerial duty falling within an exception to the official immunity doctrine. Therefore, their state tort law

9

claims against Sgt. Mars, Officer Kenner, Officer Corson, and Lt. Brady fail and will be dismissed.

Finally, defendants seek dismissal of the plaintiffs' claims stated under the Missouri Constitution for use of excessive force and denial of medical attention because the State of Missouri has not enacted legislation authorizing suits for constitutional violations. Plaintiffs did not respond to this issue in their response to the motion to dismiss. However, in their motion for summary judgment, plaintiffs seek summary judgment on their claims of "use of excessive force" and "denial of medical treatment" under the 8th Amendment of the U.S. Constitution and cite federal case law regarding 8th amendment violations in support of their position. It is clear that plaintiffs did not plead section 1983 claims in their second amended complaint. Instead, plaintiffs' second amended complaint clearly attempts to allege "state constitutional claims" and alleges violations of Article 1, Sections 2, 10, and 14 of the Missouri Constitution. Such claims are not cognizable because the Missouri General Assembly has not enacted legislation authorizing suits for state constitutional violations. *Moody v. Hicks*, 956 S.W.2d 398, 402 (Mo.App. E.D. 1997); *see also Collins-Camden Partnership, L.P. v. County of Jefferson*, 425 S.W.2d 210, 214 (Mo.App. E.D. 2014) ("[n]o Missouri precedent exists permitting suits for monetary damages by private individuals resulting from violations of the Missouri Constitution"); *USOC of Greater Mo. v. County of Franklin,* No. 4:07CV1426 (JCH), 2008 WL 2065060, at *3 (E.D. Mo. May 14, 2008) (granting motion for judgment on the pleadings on plaintiff's claim for damages for purported violation of Article I, Section 10 of Missouri Constitution). Accordingly, plaintiffs' state

constitutional claims for use of excessive force and denial of medical attention are dismissed.

In case 1311, defendants also seek to dismiss the intervening plaintiffs' claims alleging the same grounds for dismissal as in case 286. Because the underlying complaint in case 1311 is dismissed, the Court will dismiss the intervening plaintiffs' complaint as moot and because it is duplicative of case 286. The motion to dismiss will be denied as moot.

Finally, the plaintiffs' motion for summary judgment in case 1311 is denied as moot because the motion to dismiss the second amended complaint is granted.

## V.     Conclusion

In sum, in case 286, the claims against Officers Mars, Kenner, and Corson alleging they are sued in their official capacities are dismissed as it is clear from the complaint that they are sued in their individual capacities. The state law claims for negligent hiring and negligent supervision are dismissed because plaintiffs have not pled an exception to sovereign immunity under Missouri law. The assault and battery claim is dismissed because such a claim does not survive the death of the decedent under Missouri law. The Hazelwood Police Department is dismissed as it does not exist as a separate legal entity and the claims are duplicative of those against the City of Hazelwood. Finally, the motion to dismiss the federal and state law claims based on the death of the decedent, including the section 1983 and wrongful death claims, because there is another pending action for the wrongful death of decedent is denied as moot because case 286 and case 1311 have been consolidated.

In case 1311, as to the second amended complaint, the claims against the City of Hazelwood and Mayor Matthew Robinson, former City Manager Edwin Calstrom, and former Chief of Police Carl Wolf, sued in their official capacities, are dismissed because plaintiffs have not pled an exception to sovereign immunity under Missouri law. The claims against Sgt. Mars, Officer Kenner, Officer Corson, and Lt. Brady, sued in their individual capacities, are dismissed because plaintiffs have not pled an exception to official immunity under Missouri law. Finally, the claims stated under the Missouri Constitution for excessive force and denial of medical attention are dismissed because the State of Missouri has not enacted legislation authorizing suits for constitutional violations. As a result, the motion to dismiss the second amended complaint is granted in its entirety and the case is dismissed without prejudice.

In case 1311, the intervening complaint is dismissed without prejudice because the underlying claims have been dismissed. The motion to dismiss the intervening complaint is denied as moot.

In case 1311, plaintiffs' motion for summary judgment is denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss (case no. 4:14CV286, ECF #17) is **GRANTED in part** and **DENIED in part** as set forth herein. The state law claims for negligent hiring and negligent supervision are **DISMISSED**. The assault and battery claim is stricken and **DISMISSED**. Defendant Hazelwood Police Department is **DISMISSED**. In all other respects, the motion is denied.

**IT IS FURTHER ORDERED** that the motion to dismiss plaintiffs' second amended complaint (case no. 4:14CV1311, ECF #6) is **GRANTED**. The case is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that the intervening plaintiffs' complaint (case no. 4:14CV1311) is **DISMISSED**. The motion to dismiss (ECF #8) is **DENIED** as moot.

**IT IS FINALLY ORDERED** that plaintiffs' motion for summary judgment (case no. 4:14CV1311, ECF #18) is **DENIED** as moot.

Dated this 22nd day of December, 2014.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE